NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3472

TRENT M. BROWN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: February 14, 2005

_____

Before BRYSON, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Trent M. Brown ("Brown") seeks review of the Merit Systems Protection Board ("Board") decision dismissing his appeal for lack of jurisdiction for failure to make a non-frivolous allegation that his working conditions were made so intolerable as to render his resignation involuntary. <u>Brown v. Dep't of Veterans Affairs</u>, DC-0752-04-0466-I-1 (M.S.P.B. Aug. 16, 2004) (Initial Decision). We <u>affirm</u>.

BACKGROUND

Brown, an employee of the Department of Veterans Affairs ("Agency") since December 15, 1991, was a Dental Laboratory Technician in the Central Dental Laboratory at the Department of Veterans Affairs Medical Center. On December 4, 2002, Brown received a proposed removal letter for his conduct on September 17-18, 2002. The cited conduct included: "(1) Failure to follow instructions, and (2) Disrespectful conduct towards other personnel." A Last Chance Agreement ("LCA") was executed between Brown and the Agency on March 7, 2003, with the express provision that "the [A]gency may immediately remove [Brown] without a new notice period if he commits any misconduct to include but not limited to failure to follow instructions or [d]isrepectful conduct towards other personnel." Additionally, under the terms of the LCA, Brown agreed to "waive his right to file a grievance or any appeal with the [Board] pertaining to his removal if he is removed from the Agency in accordance with the terms of this agreement." Brown's proposed removal was mitigated to a fourteen-day suspension that would be held in abeyance for one year from the date that the LCA was executed. The LCA was set to expire on March 7, 2004.

On March 5, 2004, Brown was notified that he was to be removed from employment effective March 19, 2004, for violating the LCA. Specifically, the Agency alleged in the Request to Execute the LCA that Brown: "(1) Le[ft] his workstation repeatedly during the workshift (at other than scheduled breaks), without asking permission of the supervisor[;] (2) [Did n]ot follow[] instructions on standard procedures with casework, causing delays, repairs, and/or remakes[;] (3) [… was intentionally uncooperative and had a] poor attitude towards team efforts in the workplace[; and] (4)

04-3472                                                    2

[Was d]isrespectful to supervisor and other management officials during a recent meeting." In a handwritten letter dated March 16, 2004, Brown resigned effective March 18, 2004, one day prior to the date of his scheduled removal.

On April 14, 2004, Brown submitted an appeal to the Board seeking reinstatement, restored leave, and all references to removal expunged from his record. Brown alleged that he was coerced into signing the LCA, and signed it only to keep his job. Brown also alleged that his punishment was excessive. In response, the Agency denied Brown's allegations of coercion, contending that Brown was afforded and elected to have union representation during the LCA process. The Agency asserts that Brown's appeal should be dismissed by the Board for lack of jurisdiction because Brown voluntarily resigned in lieu of being removed.

The administrative judge ("AJ") issued a Jurisdictional Show Cause Order requiring Brown to assert a non-frivolous allegation that the Board has jurisdiction over his appeal. Specifically, the AJ noted that because Brown signed the LCA, waiving his future appeal rights if he violated the LCA, an appeal is allowed only if Brown makes a non-frivolous allegation "that he did not violate the [LCA], that the agency acted in bad faith, or that he did not voluntarily and freely enter into the [LCA]." In response to the Order, Brown alleged that the Board has jurisdiction to hear his appeal in spite of the LCA because (1) he did not voluntarily enter into the LCA; (2) he did not violate the LCA; and (3) the Agency acted in bad faith in executing the LCA two days prior to the expiration of the LCA.

The AJ then issued a Second Order to Show Cause along with an Order Regarding Motion to Stay Proceedings. Because Brown resigned prior to the removal

taking effect and the Board's jurisdiction is controlled by the employee's status on the effective date of the action being appealed, the AJ required additional factual support for Brown's claim of jurisdiction. Specifically Brown was required to "present a non-frivolous allegation, supported by the production of factual evidence, that his resignation was obtained through duress or coercion, that a reasonable person would have been misled by the [A]gency's statements, or that some other condition precluded a voluntary decision." The AJ stayed the deadlines regarding discovery, and requested that the Agency supplement the file with additional material to address Brown's allegation that he was removed while subject to the LCA as well as information related to Brown's possible resignation. Brown, in response, asserted the same allegations he had made with respect to the initial Show Cause Order, and contended that his resignation was coerced and done under duress. Additionally, Brown asserted that a reasonable person would have been misled by the Agency's conduct.

On August 16, 2004, the AJ issued an initial decision dismissing Brown's appeal for lack of jurisdiction for failure to make a non-frivolous allegation that his working conditions were made so intolerable as to render his resignation involuntary. In the absence of a petition of review, the initial decision became the final decision of the Board on September 20, 2004. Brown timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.  See 28 U.S.C. § 7703(c) (2000); Killeen v. Office of Pers. Management, 382 F.3d 1316, 1320 (Fed. Cir. 2004).

As the petitioner, Brown bears the burden of showing that the Board had jurisdiction in this matter.  In order to be entitled to a hearing on jurisdiction, the former employee must make a non-frivolous allegation that, if proven at an evidentiary hearing, could establish Board jurisdiction.  Staats v. United States Postal Serv., 99 F.3d 1120, 1125 (Fed. Cir. 1996).  Thus, Brown needed to present a non-frivolous allegation supported by affidavits or other credible evidence that would prove he resigned involuntarily.

Employee resignations are presumed voluntary, and usually, as here, are evidenced by a document signed by the employee.  Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999).  To rebut the presumption that a resignation is voluntary, sufficient evidence must be shown by the petitioner that the resignation was the product of (1) misinformation or deception by the agency; or (2) coercion by the agency.  Terban v. Dep't of Energy, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

Brown argues that his resignation was coerced and therefore involuntary because it was made under the duress of false charges.  In support, Brown cites to the lack of dates and specificity in the Reports of Contact ("ROC") issued by the Agency. The ROC outlined Brown's behavior during a March 4, 2004 meeting between Brown, Brown's supervisor, and other management officials.  The Agency, however, argues Brown resigned voluntarily when faced with removal pursuant to the LCA, and dismissal of the appeal for lack of jurisdiction is proper because an employee who voluntarily resigns has no right to appeal to the Board.  Staats, 99 F.3d at 1123-24.

04-3472                                         5

In order to establish involuntariness on the basis of coercion, an employee must show (1) that the agency effectively imposed the terms of the employee's resignation; (2) that the employee had no realistic alternative but to resign; and (3) that the employee's resignation was the result of improper acts by the agency. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987). Under this standard, Brown's argument that the lack of dates and specificity in the ROC amounts to Agency coercion is unavailing.

Brown has not made a showing that the Agency imposed the terms of his resignation nor that the Agency acted improperly. In particular, Brown failed to offer any evidence that the Agency lacked a good faith basis for believing that it could remove him for violating the LCA. The Agency submitted a sufficiently detailed ROC and properly notified Brown of his removal as a result of violating the LCA.

Moreover, Brown did not demonstrate that he had no realistic alternative but to resign. The fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's resignation any less voluntary, Covington v. Dep't of Health and Human Servs., 750 F.2d 937, 942 (Fed. Cir. 1984), even with such limited choices as resigning or being subject to removal for cause. Schultz, 810 F.2d at 1136. After Brown received the proposed removal letter on March 5, 2004, he submitted his resignation to be effective on March 18, 2004, one day prior to removal. Under Schultz, the result is clear, selecting one of two unpleasant alternatives is not an involuntary act.

Brown asserts several additional arguments related to the LCA entered into on March 7, 2003. These claims are not relevant for establishing the Board's jurisdiction,

but rather go to the merits of Brown's case. Because Brown did not meet his burden of showing that the Board has jurisdiction, neither we nor the Board need to reach these arguments.

CONCLUSION

We find that the Board's decision dismissing Brown's appeal for lack of jurisdiction is supported by substantial evidence. The Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm.

No costs.